IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 21, 2013 at Knoxville

**STATE OF TENNESSEE v. CLYDE TURNER**

**Appeal from the Criminal Court for Wilson County**
**Nos. 09-CR-573, 09-CR-638      John D. Wootten, Jr., Judge**

**No. M2012-02405-CCA-R3-CD - Filed September 27, 2013**

The defendant, Clyde Turner, appeals the revocation of his probation, arguing that the trial court abused its discretion by revoking his probation and ordering that he serve his original four-year sentence in the Department of Correction. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and ROGER A. PAGE, J., joined.

Clyde Turner, Lebanon, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Tom P. Thompson, Jr., District Attorney General; and Linda Walls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On August 11, 2009, the Wilson County Grand Jury returned a four-count indictment charging the defendant with two counts of obtaining prescription drugs by fraud, one count of forging a prescription, and one count of passing a forged instrument. On August 9, 2010, the defendant pled guilty to two counts of obtaining prescription drugs by fraud in exchange for consecutive two-year sentences, suspended to supervised probation, and the dismissal of the other two counts of the indictment. Among the conditions of his probation were that he obey all laws, report to his probation officer as ordered, immediately report all arrests, and not engage in any assaultive or abusive behavior.

On January 4, 2012, a probation violation warrant was filed alleging that the defendant had violated the terms of his probation by his April 19, 2011 arrest in Davidson County for assault, an offense for which he had been indicted on December 9, 2011; by not reporting that arrest to his probation officer; and for not reporting as scheduled to his probation officer. On June 13, 2012, a second probation violation warrant was filed alleging that the defendant had again violated the terms of his probation by his May 29, 2012 arrest in Davidson County for assault; for not immediately reporting that arrest to his probation officer; and for having engaged in assaultive, abusive, threatening, or intimidating behavior.

At the October 1, 2012 revocation hearing, the defendant's probation officer, Monica Kennedy, testified that she filed the first violation warrant because the defendant had been arrested on April 19, 2011, for assault, had failed to report the arrest to her, and had not reported to her at all since January 2012. She said she filed the amended warrant because the defendant was again arrested for assault on May 29, 2012, and once again failed to report the arrest to her. She stated that the defendant was convicted of the first assault charge in April 2012, and that the second assault charge was retired in August 2012. Finally, she testified that she had recently prepared and mailed to the court another amended violation warrant based on the fact that the defendant had been arrested for criminal trespassing and convicted of that offense in May 2012.

The defendant acknowledged that he had not reported to his probation officer since January and that he had been twice arrested and charged with assault and had been convicted of one of the assault charges. He agreed that he had violated the terms of his probation and, therefore, pled guilty to the violations. He then explained his violations, testifying that he had been sick for the past five years and had been prescribed a new medication that made him violently ill and unable to report to his probation officer. He testified that his first assault charge, to which he had pled guilty, resulted from his having gotten into a fistfight with one of the residents of his building after the resident confronted him about his illness and that his second assault charge, which the prosecutor had declined to prosecute, resulted from his having kicked a knife out of his girlfriend's hand during an argument they were having about his nonpayment of rent. The defendant further testified that he had served twenty years on "big sentences" for felony convictions in the past, and he agreed with the trial court that he did "not do well" on probation.

At the conclusion of the hearing, the trial court revoked the defendant's probation and ordered that he serve his original four-year sentence in the Department of Correction, with credit given for time served in jail and a recommendation that he be placed in "special needs." Thereafter, the defendant filed a *pro se* appeal to this court.

**ANALYSIS**

On appeal, the defendant contends that the trial court's revocation of his probation and reinstatement of his original sentence was improper for a number of different reasons. Among other things, he complains that he was denied the effective assistance of counsel at the revocation hearing because counsel took advantage of the defendant's illnesses and pain to convince him to enter an unknowing and involuntary guilty plea to the probation violations; the original sentences were illegal because they were ordered to run consecutively to each other; the second amended warrant and affidavit failed to provide him with written notice of his alleged probation violations; the probation officer who testified at the revocation hearing was not the defendant's probation officer at the time of his first assault; he was denied his constitutional right to cross-examination at the revocation hearing; the trial court used "interrogation tactics on a very sick defendant, who without effective assistance of counsel put his foot in his mouth in an effort at sounding intelligent" by agreeing with the trial court that he did not do well on probation; and the trial court erred by ordering that he serve his entire sentence in confinement rather than giving him credit for the two years he had already served on probation. The State responds by arguing that the trial court acted within its discretion in revoking the defendant's probation and ordering him to serve his original sentence. We agree with the State.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2010). The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).

A defendant at a probation revocation proceeding is not entitled to the full array of procedural protections associated with a criminal trial. See Black v. Romano, 471 U.S. 606, 613 (1985); Gagnon v. Scarpelli, 411 U.S. 778, 786-90 (1973). However, such a defendant is entitled to the "minimum requirements of due process," including: (1) written notice of the claimed violation(s) of probation; (2) disclosure to the probationer of evidence against him or her; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless good cause is shown for not allowing confrontation); (5) a neutral and detached hearing

body, members of which need not be judicial officers or lawyers; and (6) a written statement by the fact-finder regarding the evidence relied upon and the reasons for revoking probation. Gagnon, 411 U.S. at 786; Morrissey v. Brewer, 408 U.S. 471, 489 (1972).

In this case, the defendant was provided with written notice of the claimed violations of probation, the evidence of those violations, and an opportunity to present evidence and to cross-examine the witness against him. The defendant, while attempting to justify his violations, nonetheless acknowledged to the trial court that he had violated the rules of his probation by not reporting to his probation officer, by not reporting his being twice arrested for assault, and by being convicted of one of the assault charges. The defendant also assured the trial court that he was pleading guilty to violating those rules of probation of his own free will and not as the result of any promises or coercion. Although the revocation order filed by the trial court does not state the reasons for the revocation, the trial court made it clear in its oral ruling that it was basing the revocation on the defendant's assault conviction and his failure to report to his probation officer. See State v. Quincy Mills, No. E2010-00519-CCA-R3-CD, 2011 WL 3568377, at *2 (Tenn. Crim. App. Aug. 15, 2011) (concluding that requirements of due process are satisfied when the transcript of the revocation hearing demonstrates that the trial court provided adequate findings for grounds for revocation and reasons for the trial court's ruling), perm. app. denied (Tenn. Nov. 16, 2011). We conclude, therefore, that the defendant's due process rights were not violated and that the trial court did not abuse its discretion in revoking the defendant's probation.

We further conclude that the trial court acted within its discretion in ordering the defendant to serve his original sentence, with credit given for time he had served in the county jail. Upon a finding that a violation has occurred, the trial court may, in its discretion, either: (1) order incarceration; (2) order that the original entire probationary period begin anew; or (3) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 644 (Tenn. 1999); see also Tenn. Code Ann. §§ 40-35-310, -311(e), -308(c) (2010). The defendant in this case, wholly apart from his admission to the trial court that he did not do well on probation, demonstrated his inability to comply with the terms of his probation by his failure to regularly report to his probation officer, by not immediately reporting his new arrests to his probation officer, and by his new conviction for assault. We, therefore, affirm the judgment of the trial court revoking the defendant's probation and ordering that he serve his original four-year sentence in the Department of Correction.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve his original sentence

-4-

in confinement.

_____
ALAN E. GLENN, JUDGE